40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lena T. MACIAS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3132.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1994.
 
 Before ARCHER, Chief Judge, NIES and NEWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lena T. Macias petitions for judicial review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DA-0752-93-0320-I-1, which sustained a reconsideration decision of the United States Postal Service (Postal Service) demoting Macias for violating the Postal Service's Code of Ethical Conduct. The July 30, 1993 initial decision of the administrative judge (AJ) became the final decision of the MSPB on November 18, 1993 when the MSPB denied Macias' petition for review. We affirm.
 
 DISCUSSION
 
 2
 Our standard of review requires that we affirm a decision of the MSPB unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 In March 1993, the Postal Service demoted Macias in salary and grade from a Delivery Supervisor, EAS-15, to a Part-Time Flexible Clerk, PS-5, for engaging in outside employment which constituted a conflict of interest under the Postal Service's Code of Ethical Conduct. Macias appealed the Postal Service's action to the MSPB. The MSPB found that Macias' conduct violated the said provisions of the Code and sustained her demotion.
 
 
 4
 Macias first argues that certain of the Board's fact findings are not supported by the evidence. In effect she is asking this court to reweigh the evidence and substitute its findings for those of the Board. This we will not do; our standard of review requires that we affirm the Board's factual findings if they are supported by substantial evidence. 5 U.S.C. Sec. 7703(c); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Macias has failed to demonstrate that the Board's findings are not based on substantial evidence.
 
 
 5
 Moreover, most of the Board's fact findings are undisputed. It was not disputed below that Mailing Consultants LV was a business that prepared bulk mailings for its customers so that they could receive a discount on mailing rates from the Postal Service; that Macias played an active role in the business, including talking with customers, transporting mail, and helping with computer work; that money earned by the business went into a joint checking account belonging to Macias and her daughter; and that, while at work, Macias had a pager with the business telephone number. These facts and the other facts found by the Board support its conclusion that Macias violated Section 661.42 of the agency's Code of Ethical Conduct which provides in part:
 
 
 6
 Conflicts of Interest--Employment.
 
 
 7
 ... An employee may not engage in outside employment or other outside activity that it not compatible with the full and proper discharge of the duties and responsibilities of Postal Service employment. Detailed rules cannot practically be prescribed that will cover every situation of incompatible employment or activity. The following rules, however, provide guidance for specific situations and illustrate the manner in which the general principles should be applied:
 
 
 8
 a. No employee will accept employment, compensation, payment of expense, or any other thing of monetary value under circumstances in which acceptance may result in, or create the appearance of, a conflict of interest. To this end, each employee should avoid the following:
 
 
 9
 * * *
 
 
 10
 (6) Engaging in outside employment or professional practice, whether or not for pay, with or for a person whose business interests are: (a) substantially dependent upon, or may be significantly affected by, postal rates, fees, or classifications, or (b) substantially dependent on providing goods or services to or for use in connection with the Postal Service.
 
 
 11
 USPS Employee and Labor Relations Manual Sec. 661.42(a)(6), at 372-73 (1989).
 
 
 12
 There is also no question that Macias had a financial interest in Mailing Consultants LV. In this appeal Macias states in her brief that she was a part owner of the business and before the Board admitted that she was a joint owner of the bank account in which receipts of the business were deposited. These facts fully support the Board's conclusion that Macias violated Section 661.411 of the Code which provides:
 
 
 13
 Conflicts of Interest--Financial.
 
 
 14
 ... Because of USPS employment, however, no employee may have a financial interest, direct or indirect, that conflicts substantially, or appears to conflict substantially, with an employee's duties and responsibilities to the Postal Service.
 
 
 15
 Id. Sec. 661.411, at 371-72.
 
 
 16
 Finally, these facts also support the Board's conclusion that Macias' involvement in the business of Mailing Consultants LV reflected negatively on the integrity of the Postal Service and violated Section 661.3 of the Code, which provides:
 
 
 17
 Standards of Conduct.
 
 
 18
 Employees must avoid any action, whether or not specifically prohibited by this Code, which might result in or create the appearance of:
 
 
 19
 * * *
 
 
 20
 f. Affecting adversely the confidence of the public in the integrity of the Postal Service.
 
 
 21
 Id. Sec. 661.3, at 371.
 
 
 22
 We have considered the other specific provisions of the Code of Ethical Conduct that the Board found were violated and find no error. Accordingly, we affirm the decision of the Board sustaining the agency's demotion of Macias.